SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------X
**MASSIEL ABREU,**

                                 Plaintiff(s),

-against-

**"JOHN DOE" (NAME BEING FICTIOUS AS A
REAL NAME UNKOWN), HL MOTOR GROUP, INC.
HIGHLIGHT MOTOR GROUP,**

                                 Defendant(s),
---------------------------------------------------------------X

Index No.:
Date Purchased:

Plaintiffs designates QUEENS
County as the place of Jury trial

**SUMMONS**
Basis of venue:
Location of accident

County of QUEENS

To the above named Defendant(s):

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the date of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: LIC, New York
       September __7th__, 2021

Yours, etc.,

_____
**BORIS H. LINARES, ESQ.**
LAW OFFICE OF BORIS H. LINARES, P.C.
*Attorney for Plaintiff*
**MASSIEL ABREU**
4740 21st Street, 9th Floor, Suite 904
LIC, New York 11101
(718) 730-9496

TO:    **HL MOTOR GROUP, INC.**
         33-15 Old Colony Road
         Richmond Hills, Ontario L4E4L5

TO:    **HIGHLIGHT MOTOR GROUP**
         33-15 Old Colony Road
         Richmond Hills, Ontario L4E4L5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------------X
**MASSIEL ABREU,**                                              Index No.:

                         Plaintiff(s),

   -against-

                                      **VERIFIED COMPLAINT**

**"JOHN DOE" (NAME BEING FICTIOUS AS A
REAL NAME UNKOWN), HL MOTOR GROUP, INC.
HIGHLIGHT MOTOR GROUP,**

                         Defendant(s).
---------------------------------------------------------------------X

      Plaintiffs, **MASSIEL ABREU**, by his attorneys, LAW OFFICE OF BORIS H. LINARES, P.C., upon information and belief, complains of the Defendants herein as follows:

1. At all times hereinafter mentioned, Plaintiff, **MASSIEL ABREU,** was and still is a resident of the County of Kings, State of New York.

2. At all times hereinafter mentioned, Defendant, **HL MOTOR GROUP, INC.,** was and still is a corporation duly organized and allowed to conduct inter-state commerce.

3. At all times hereinafter mentioned, Defendant, **HIGHLIGHT MOTOR GROUP,** was and still is a corporation duly organized and allowed to conduct inter-state commerce.

4. Upon information and belief, that at all times hereinafter mentioned, that on March 1, 2021, Defendant, **"JOHN DOE"**, managed a certain Freightliner Tractor Truck bearing Canada State Plate Number T8314A.

5. Upon information and belief, that at all times hereinafter mentioned, that on March 1, 2021, Defendant, **"JOHN DOE"**, maintained a certain Freightliner Tractor Truck bearing Canada State Plate Number T8314A.

6. Upon information and belief, that at all times hereinafter mentioned, that on March 1, 2021, Defendant, **"JOHN DOE"**, controlled a certain Freightliner Tractor Truck bearing Canada State Plate Number T8314A.

7. Upon information and belief, that at all times hereinafter mentioned, that on March 1, 2021, Defendant, **"JOHN DOE"**, operated a certain Freightliner Tractor Truck bearing Canada State Plate Number T8314A, with the permission of the Defendant/Owner, **HL MOTOR GROUP, INC.**, whether implied or explicit.

8. Upon information and belief, that at all times hereinafter mentioned, that on March 1, 2021, Defendant, **HL MOTOR GROUP, INC.**, managed a certain Freightliner Tractor Truck bearing Canada State Plate Number T8314A.

9. Upon information and belief, that at all times hereinafter mentioned, that on March 1, 2021, Defendant, **HL MOTOR GROUP, INC.**, maintained a certain Freightliner Tractor Truck bearing Canada State Plate Number T8314A.

10. Upon information and belief, that at all times hereinafter mentioned, that on March 1, 2021, Defendant, **HL MOTOR GROUP, INC.**, controlled a certain Freightliner Tractor Truck bearing Canada State Plate Number T8314A.

11. Upon information and belief, that at all times hereinafter mentioned, that on March 1, 2021, Defendant, **HL MOTOR GROUP, INC.**, gave permission, whether implied or explicit, , Defendant, **"JOHN DOE"** to operate a certain Freightliner Tractor Truck bearing Canada State Plate Number T8314A.

12. Upon information and belief, that at all times hereinafter mentioned, that on or prior to March 1, 2021, Defendant, **HL MOTOR GROUP, INC.**, hired Defendant, **"JOHN DOE"**.

13. Upon information and belief, that at all times hereinafter mentioned, that on or prior to March 1, 2021, Defendant, **HL MOTOR GROUP, INC.**, allowed and continued to retain the Defendant, **"JOHN DOE"**, as an agent, servant and/or employee.

14. Upon information and belief, that at all times hereinafter mentioned, that on or prior to March 1, 2021, Defendant, **"JOHN DOE".**, was incompetent and unfit to preform the work required by his employer Defendant, **HL MOTOR GROUP, INC.**

15. Upon information and belief, that at all times hereinafter mentioned, that on or prior to March 1, 2021, Defendant, **HL MOTOR GROUP, INC.,** knew or should have known that the Defendant, **"JOHN DOE".**, as an agent, servant and/or employee would place the within Plaintiff, **MASSIEL ABREU**, to an unreasonable risk of harm.

16. Upon information and belief, that at all times hereinafter mentioned, that on or prior to March 1, 2021, Defendant, **HL MOTOR GROUP, INC.,** breached the duty it owed to the within Plaintiff, **MASSIEL ABREU**, by failing to conduct a reasonable investigation into the background and character and ability of the Defendant, **"JOHN DOE"**, as an agent, servant and/or employee and failed to use responsible care in hiring and retaining said individual.

17. Upon information and belief, that at all times hereinafter mentioned, that on or prior to March 1, 2021, Defendant, **HL MOTOR GROUP, INC.,** breached the duty it owed to the within Plaintiff, **MASSIEL ABREU**, by failing to supervise and/or by negligently supervising the Defendant, **"JOHN DOE"**, as an agent, servant and/or employee.

18. Upon information and belief, that at all times hereinafter mentioned, that on or prior to March 1, 2021, Defendant, **HL MOTOR GROUP, INC.,** breached the duty it owed to the within Plaintiff, **MASSIEL ABREU**, by failing to train and/or improperly training the Defendant, **"JOHN DOE"**, as an agent, servant and/or employee.

19. Upon information and belief, that at all times hereinafter mentioned, that on March 1, 2021, Defendant, **HIGHLIGHT MOTOR GROUP**, managed a certain Freightliner Tractor Truck bearing Canada State Plate Number T8314A.

20. Upon information and belief, that at all times hereinafter mentioned, that on March 1, 2021, Defendant, **HIGHLIGHT MOTOR GROUP**, maintained a certain Freightliner Tractor Truck bearing Canada State Plate Number T8314A.

21. Upon information and belief, that at all times hereinafter mentioned, that on March 1, 2021, Defendant, **HIGHLIGHT MOTOR GROUP**, controlled a certain Freightliner Tractor Truck bearing Canada State Plate Number T8314A.

22. Upon information and belief, that at all times hereinafter mentioned, that on March 1, 2021, Defendant, **HIGHLIGHT MOTOR GROUP**, gave permission, whether implied or explicit, , Defendant, **"JOHN DOE"** to operate a certain Freightliner Tractor Truck bearing Canada State Plate Number T8314A.

23. Upon information and belief, that at all times hereinafter mentioned, that on or prior to March 1, 2021, Defendant, **HIGHLIGHT MOTOR GROUP,** hired Defendant, **"JOHN DOE"**.

24. Upon information and belief, that at all times hereinafter mentioned, that on or prior to March 1, 2021, Defendant, **HIGHLIGHT MOTOR GROUP,** allowed and continued to retain the Defendant, **"JOHN DOE"**, as an agent, servant and/or employee.

25. Upon information and belief, that at all times hereinafter mentioned, that on or prior to March 1, 2021, Defendant, **"JOHN DOE".,** was incompetent and unfit to preform the work required by his employer Defendant, **HIGHLIGHT MOTOR GROUP.**

26. Upon information and belief, that at all times hereinafter mentioned, that on or prior to March 1, 2021, Defendant, **HIGHLIGHT MOTOR GROUP,** knew or should have

known that the Defendant, **"JOHN DOE"**., as an agent, servant and/or employee would place the within Plaintiff, **MASSIEL ABREU**, to an unreasonable risk of harm.

27. Upon information and belief, that at all times hereinafter mentioned, that on or prior to March 1, 2021, Defendant, **HIGHLIGHT MOTOR GROUP,** breached the duty it owed to the within Plaintiff, **MASSIEL ABREU**, by failing to conduct a reasonable investigation into the background and character and ability of the Defendant, **"JOHN DOE"**, as an agent, servant and/or employee and failed to use responsible care in hiring and retaining said individual.

28. Upon information and belief, that at all times hereinafter mentioned, that on or prior to March 1, 2021, Defendant, **HIGHLIGHT MOTOR GROUP,** breached the duty it owed to the within Plaintiff, **MASSIEL ABREU**, by failing to supervise and/or by negligently supervising the Defendant, **"JOHN DOE"**, as an agent, servant and/or employee.

29. Upon information and belief, that at all times hereinafter mentioned, that on or prior to March 1, 2021, Defendant, **HIGHLIGHT MOTOR GROUP,** breached the duty it owed to the within Plaintiff, **MASSIEL ABREU**, by failing to train and/or improperly training the Defendant, **"JOHN DOE"**, as an agent, servant and/or employee.

30. Upon information and belief, that at all times hereinafter mentioned, that on March 1, 2021, Plaintiff, **MASSIEL ABREU**, was lawfully operating a certain 2004 Motor Vehicle bearing Pennsylvania State Plate Number KSN1621.

31. Upon information and belief, that at all times hereinafter mentioned, location known as Springfield Blvd. at or near the intersection of 122nd Avenue, County of Queens, City and State of New York, was an still is a public roadway, in common use of the residents of the City and State of New York and others.

32. Upon information and belief, that at all times hereinafter mentioned, at the above mentioned location, that on March 1, 2021, Defendant/Owner, **HL MOTOR GROUP, INC.,** and/or Defendant/owner, **HIGHLIGHT MOTOR GROUP**, gave permission, whether implied or explicit, to Defendant, **"JOHN DOE"**, to operate certain Freightliner Tractor Truck bearing Canada State Plate Number T8314A., which collided with a certain 2017 Motor Vehicle bearing Pennsylvania State Plate Number KSN1621., lawfully operated by Plaintiff, **MASSIEL ABREU**.

33. By reason of the foregoing, Plaintiff, **MASSIEL ABREU,** sustained severe and serious personal injuries.

34. That the aforesaid occurrence was caused by reason of the carelessness, recklessness and negligence of the Defendants, **JOHN DOE" (NAME BEING FICTIOUS AS A REAL NAME UNKOWN), HL MOTOR GROUP, INC. and HIGHLIGHT MOTOR GROUP,** in the ownership, operation, maintenance, management and control of the aforesaid automobile without any negligence on the part of the plaintiff contributing thereto.

35. That the plaintiffs' said injuries and damages were caused by the reckless, carelessness and negligence of the Defendants, **JOHN DOE" (NAME BEING FICTIOUS AS A REAL NAME UNKOWN), HL MOTOR GROUP, INC. and HIGHLIGHT MOTOR GROUP,** in the operation, ownership, management, maintenance and control of the aforesaid motor vehicle, without any fault of negligence on the part of the plaintiff contributing thereto in any manner, and said injuries are severe and permanent.

36. That as a result of the aforesaid occurrence, the Plaintiff, was rendered sick, sore, lame and disabled and has remained so since the said occurrence. He has sustained

nervous shock and continue to suffer mental anguish and great physical pain. He have been compelled to undergo medical aid, treatment and attention and expand money and incur obligations for physicians' services, medical and hospital expenses for the care and treatment of her injuries; and upon information and belief, they will be compelled to expend additional sums of money and incur further obligations in the future for additional physicians' services, medical and hospital expenses for the further care and treatment of his injuries. He has been incapacitated from attending to his usual duties, functions, occupations, vacations and avocations, and in other ways he has damages, and upon information and belief, may be so incapacitated in the future and will suffer pecuniary losses.

37. That the Plaintiff, **MASSIEL ABREU**, sustained serious injuries and economic loss greater than basic economic loss as to satisfy the exceptions of §5102 and §5104 of the Insurance Law of the State of New York.

38. This action falls within one or more of the exceptions set forth in Article 16 of the C.P.L.R.

39. That by reason thereof Plaintiff, **MASSIEL ABREU**, has been damaged in a sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action.

**WHEREFORE**, Plaintiff, **MASSIEL ABREU**, demands judgment in the First Cause of Action against the Defendants, **JOHN DOE" (NAME BEING FICTIOUS AS A REAL NAME UNKOWN), HL MOTOR GROUP, INC. and HIGHLIGHT MOTOR GROUP,** in an amount which exceeds the jurisdictional limit of all lower courts which might otherwise have jurisdiction over this matter, together with the interest, costs and disbursements of this action and for such other, further and different relief as the court deems is just and proper.

Dated: LIC, New York
      September 7th, 2021

Yours, etc.

**BORIS H. LINARES, ESQ.**
LAW OFFICE OF BORIS H. LINARES, P.C.
*Attorney for Plaintiff*
**MASSIEL ABREU**
4740 21st Street, 9th Floor, Suite 904
LIC, New York 11101
(718) 730-9496

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK              )
                               ) Ss.:
COUNTY OF QUEENS               )

I, **MASSIEL ABREU**, am the Claimant in the within action. I have read the foregoing **SUMMONS & COMPLAINT** and know the contents thereof. The contents are true to my own knowledge except as to matters therein state to be alleged upon information and belief, and as to those matters I believe them to be true.

_____

Sworn to before me this ___7th___

day of ___September.___, 2021

_____
NOTARY PUBLIC

[Notary seal: MALVINA SHVARTSBERG, NOTARY PUBLIC, STATE OF NEW YORK, No. 46350, Qualified in Kings County, Commission Exp. 2023]

# CERTIFICATION

STATE OF NEW YORK )
                                  )ss.:
COUNTY OF QUEENS )

**BORIS H. LINARES**, an attorney duly admitted to practice in the Courts of the State of New York, states:

I am the attorney of record for plaintiff in the within action. I hereby certify, pursuant to 22 NYCRR 130-1.1(a) and after forming an inquiry reasonable under the circumstances, that the within *Summons and Verified Complaint* and its respective contentions, are not frivolous as set forth in and defined by 22 NYCRR 130-1.1(c).

Dated: LIC, New York
September 7th, 2021

_____
**BORIS H. LINARES**

## ATTORNEYS VERIFICATION

**BORIS H. LINARES**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am a member of the LAW OFFICE OF BORIS H. LINARES, P.C., attorneys of records for Plaintiff, **MASSIEL ABREU**, in the action within, I have read the annexed

### SUMMONS AND COMPLAINT

and know the contents thereof, and the same are true to my knowledge, and except those matters therein which are stated to be alleged upon information and belief, and as those to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their office.

Dated: LIC, New York
September 7th, 2021

_____
BORIS LINARES, ESQ.

**Index No.:** _____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------------------X
**MASSIEL ABREU,**

                                              Plaintiff(s),

    -against-

**"JOHN DOE" (NAME BEING FICTIOUS AS A
REAL NAME UNKOWN), HL MOTOR GROUP, INC.
HIGHLIGHT MOTOR GROUP,**

                                          Defendants.
---------------------------------------------------------------------------X

**SUMMONS AND VERIFIED COMPLAINT**

LAW OFFICE OF BORIS H. LINARES, P.C.
*Attorney for Plaintiff*
**MASSIEL ABREU**
4740 21st Street, 9th Floor, Suite 904
LIC, New York 11101
(718) 730-9496